IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER R. TIA, #A1013142, | ) CIVIL NO. 11-00459 LEK/KSC |
| ) | |
| Plaintiff, | ) ORDER DENYING IN FORMA |
| ) PAUPERIS APPLICATION AND | |
| vs. | ) DISMISSING ACTION PURSUANT TO |
| ) 28 U.S.C. § 1915(g) | |
| DR. PADERES, DR. ROSEN, MARY | ) |
| TUMMINELLO, DEP'T. OF PUBLIC | ) |
| SAFETY, LINDA RIVERA, DOE | ) |
| RESPONDENTS, HALAWA | ) |
| CORRECTIONAL FACILITY, | ) |
| ) | |
| Defendants. | ) |
| _____ | ) |

**ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g)**

Before the court is *pro se* Plaintiff Peter R. Tia's prisoner civil rights Complaint, filed on July 25, 2011, and his *in forma pauperis* ("IFP") application. *See* ECF. Nos. 1 & 8. Plaintiff is incarcerated at the Halawa Correctional Facility ("HCF"). After careful consideration of Plaintiff's declaration, Complaint, IFP application, and past filings in this court, the court concludes that Plaintiff has accrued more than three strikes pursuant to 28 U.S.C. § 1915(g). Because he does not allege imminent danger of serious physical injury, he is barred from proceeding in the federal courts without prepayment of the filing fee. Plaintiff's in forma pauperis application is DENIED, and this action is DISMISSED without prejudice.

## I. **LEGAL STANDARD**

The Prison Litigation Reform Act of 1995 ("PLRA"), provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and apparently means the same thing. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "Not all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's *IFP* status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.* "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. *Andrews* therefore allows the court to *sua sponte* raise

2

the § 1915(g) problem and the prisoner bears the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. *Id.*

## II. BACKGROUND

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n. 2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). This court takes judicial notice that, for several years, Plaintiff has filed suits and sought an investigation of prison officials, unnamed inmate gang members, his state criminal defense attorney, the state court judge who presided over his criminal case, his own family members, and officers of this court, alleging that they are engaged in a criminal conspiracy against him under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964. *See e.g., Tia v. Fujita*, Civ. No. 08-00575 HG; *Tia v. Criminal Investigation*, Civ. No. 10-00441 DAE; *Tia v. Criminal Investigation Demanded*, Civ. No. 10-00383 SOM; and *Tia v. Baker*, Civ. No. 11-00098 HG. Plaintiff now claims that HCF prison officials are conspiring to deprive him of adequate food.

3

In the present Complaint, Plaintiff claims that a prison doctor prescribed him an enhanced-calorie special diet on September 1, 2010, that allowed him double portions for dinner and snacks. This diet was allegedly countermanded two weeks later by a prison nurse, because she concluded that Plaintiff was overweight. Plaintiff states that, on February 15, 2011, the enhanced-calorie diet was reinstated, but rescinded again on April 7, 2011, by the Department of Public Safety's ("DPS") Medical Director. Plaintiff complains that "he has not been over or at 200 [lbs] since being here at HCF from July [2008]," and alleges that prison officials denied him an enhanced-calorie diet based on "racial animus." Compl., ECF No. 1 at 4. Plaintiff claims that the prison's recent policy rescinding enhanced-calorie diets discriminates against indigent inmates like him who cannot afford to purchase extra food to supplement the prison's diet.

### III. DISCUSSION

Plaintiff has accumulated at least three strikes, has been notified of these strikes several times, and does not allege imminent danger of serious physical injury.

**A. Plaintiff's Past Dismissals**

The District of Hawaii's public docket, electronic records, and orders entered in Plaintiff's past federal cases reveals that three or more of his civil actions were dismissed as

frivolous or for failure to state a claim.  *See* PACER Case Locator, http://pacer.psc.uscourts.gov, ("PACER"); *see e.g.*, *Tia v. Fujita*, No. 1:08-cv-00575 HG (dismissed for failure to state a claim); *Tia v. Criminal Investigation Demanded*, No. 1:10-cv-00383 SOM (dismissed as frivolous and for failure to state a claim); *Tia v. Criminal Investigation*, No. 1:10-cv-00441 DAE (dismissed as frivolous and for failure to state a claim); *Tia v. Baker*, No. 11-cv-00098 HG (dismissed Mar. 9, 2011, under § 1915(g), after notifying Plaintiff of the cases the court considered strikes and no finding of imminent danger); *Tia v. Doe Defendants as Aggrieved*, No. 1:11-cv-00352 SOM (dismissed Jul. 25, 2011, after notifying Plaintiff of the cases the court considered strikes and no finding of imminent danger); *Tia v. Mollway*, No. 1:11-cv-00421 JMS (dismissed Jul. 20, 2011, after finding no allegation of imminent danger and that Plaintiff was on notice of prior cases considered as strikes).

The dismissal orders in each of these cases informed Plaintiff that they may constitute strikes or that he had already accrued three strikes.  *See Andrews*, 398 F.3d at 1120 (requiring defendants or the court to notify a plaintiff of dismissals supporting a § 1915(g) dismissal before granting defendants' motion to revoke IFP and dismiss case).  The court explicitly notified Plaintiff of the cases it considered strikes on February 15, 2011, June 2, 2011, and July 20, 2011.  *See* Civ.

5

Nos. 1:11-cv-00098 HG, ECF No. 4; 1;11-00352 SOM ECF No. 4; 1;11-cv-00421 JMS, ECF No. 8. In the first two actions, the court gave Plaintiff the opportunity to respond and show cause why the cases should not be dismissed for failure to pay the filing fee under § 1915(g). Plaintiff failed to do so.

Plaintiff filed the present action only five days after the court dismissed Civ. No. 1:11-cv-00421 JMS, pursuant to § 1915(g). The court's dismissal order explicitly found that Plaintiff had notice of the strikes he had accrued and failed to allege imminent danger of serious physical injury. Plaintiff has therefore been notified by the court of the strikes against him numerous times, including three times within the past six months. *See* No. 1:11-cv-00098 HG, ECF No. 4; No. 1:11-00352 SOM, ECF No. 4; No. 1:11-cv-00421 JMS, ECF No. 8.

### B. *No Allegation of Imminent Danger of Serious Physical Injury*

Because Plaintiff has three strikes, he may not bring a civil action without concurrent payment of the $350.00 filing fee unless he is in *imminent* danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff alleges that he has lost a considerable amount of weight since he was incarcerated in 2008, and has not weighed at or above 200 pounds since that time. Plaintiff claims that he was given double portions of dinner and snacks for two weeks in September 2010, when his enhanced-calorie diet order was rescinded because he was deemed overweight.

Plaintiff alleges that he received the enhanced-calorie diet again for approximately two months in 2011, when the prison's medical department rescinded it again.

As a general matter, an ongoing practice of failing to provide inmates with adequate food can undoubtedly cause serious physical injury. Plaintiff, however, does not plausibly allege that HCF's medical department's recision of his enhanced-calorie diet has caused or imminently threatens to cause him serious physical injury. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"). Plaintiff complains that Defendants' failure to afford him *double* portions of food for approximately two and a half months during the past three years has resulted in weight loss and caused him to be hungry. Plaintiff concedes that his special diet was rescinded because medical personnel considered him overweight. This is supported by Plaintiff's statement that he weighed 256 pounds when he entered prison in 2008, and is now under 200 pounds, a loss of approximately twenty pounds per year since he was incarcerated in 2008, and has received the DPS's general diet plan for Hawaii's inmates.

Plaintiff does not allege that he receives less food than other inmates or was put on a restricted-calorie diet against his will. Rather, Plaintiff admits that he receives the

7

same amount of food as other inmates. Plaintiff does not claim that his diet is nutritionally inadequate, that he has suffered malnutrition, or has had other negative health consequences because he does not receive double portions. Plaintiff's statements do not support the existence of an imminent danger of serious physical injury when Plaintiff commenced this action. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[T]he availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time."); *see e.g., Sims v. Caruso*, No. 1:11-cv-92, 2011 WL 672232 (W.D. Mich., Feb. 18, 2011) (finding that weight loss, standing alone, falls short of establishing serious physical injury); *Hernandez v. Ventura County*, No. CV 09-7838 GHK, 2010 WL 3603491, *5-6 (C.D. Cal., Jul. 27, 2010) (finding prisoner's claims that he was periodically denied full-sized fruit, provided sandwiches rather than hot meals, and lost weight did not constitute imminent danger of serious physical injury); *Sayre v. Waid*, 2009 WL 249982, at *3 (N.D. W. Va., Feb.2, 2009) (finding claim that prison food caused inmate to lose 30 pounds was insufficient to demonstrate serious physical injury; "[W]eight loss, in and of itself, is not indicative of a serious physical injury [for purposes of section 1915(g) ].").

Because he does not allege imminent danger of serious physical injury, Plaintiff may not proceed in this action without

concurrent payment of the $350.00 filing fee. This action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g) for Plaintiff's failure to submit a concurrent filing fee. If Plaintiff wishes to reassert his claims in a new case, subject to the limitations discussed below, he must concurrently pay the filing fee.

### IV. CONCLUSION

1.  Plaintiff's *in forma pauperis* application is DENIED.

2.  Plaintiff's Complaint and this action are DISMISSED pursuant to 28 U.S.C. § 1915(g) without prejudice to Plaintiff filing a new case accompanied by the full $350.00 filing fee. In light of Plaintiff's litigation history and his failure to concurrently submit the filing fee, Plaintiff shall not be allowed to file anything further in *this* action other than a notice of appeal.

3.  The Clerk of Court is DIRECTED to docket any further pleadings, motions, documents, exhibits, etc., submitted by Plaintiff in this action, other than a notice of appeal, as "requests" or "correspondence." Because Plaintiff has not paid for commencing this suit and is not entitled to proceed *in forma pauperis*, the court will take no action on such requests.

4.  The Clerk of Court is further DIRECTED to promptly process any notice of appeal, and to note on the docket that this

action was dismissed pursuant to 28 U.S.C. § 1915(g), 1915A(b), and 1915(g).

5. Plaintiff is NOTIFIED again that he has accumulated three strikes and is he is barred from proceeding IFP in future federal civil actions or appeals while he is incarcerated pursuant to 28 U.S.C. § 1915(g), unless he alleges imminent danger of serious physical injury.

DATED AT HONOLULU, HAWAII, September 13, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Tia v. Paderes*, Civ. No. 11-00459 LEK/KSC; Order Denying In Forma Pauperis Application and Dismissing Action Pursuant to 28 U.S.C. § 1915(g); psas/3 Strikes Ords /DMP/2011/Tia 11-459 LEK (dsm no imm dng)