IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PETER R. TIA, #A1013142, | ) | CIV. NO. 11-00459 LEK/KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING REQUEST FOR |
| vs. | ) | RECONSIDERATION AND IN FORMA |
| | ) | PAUPERIS APPLICATION |
| DR. PADERES, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING REQUEST FOR RECONSIDERATION**
**AND IN FORMA PAUPERIS APPLICATION**

Before the court is Plaintiff's request for reconsideration of the September 13, 2011 "Order Denying In Forma Pauperis and Dismissing Action Pursuant to 28 U.S.C. § 1915(g)" ("September 13 Order"), and a new *in forma pauperis* ("IFP") application. ECF No. 10. Plaintiff argues that dismissal of this action denies him due process of law. Plaintiff's requests for reconsideration and IFP status are DENIED.

**I.  BACKGROUND**

Plaintiff signed his Complaint on July 18, 2011, claiming that prison medical officials conspired to deprive him of adequate food. *See* ECF No. 1, Att. 1-1. The court received and filed the Complaint on July 25, 2011. *Id.* The Complaint alleged that since 2008, Plaintiff was given double portions of dinner and snacks for a total of two and a half months, but is now being denied these extra portions. The court issued a

deficiency order directing Plaintiff to pay the civil filing fee or submit a completed *in forma pauperis* ("IFP") application within thirty days. ECF No. 3, dated July 25, 2011.

On August 24, 2011, rather than submit the filing fee or IFP application, Plaintiff filed a "Declaration of Response." ECF. No. 5 ("August 24 Declaration"). In his Declaration, Plaintiff stated that he was involved in an altercation on July 25, 2011, and later falsely charged with possessing a knife or sharpened instrument, resulting in his transfer to the Medical Special Holding Unit (SHU) on or about August 3, 2011. Plaintiff said that he was therefore unable to make copies of his Complaint to serve Defendants.[1] *See id.*, at 2. The court reviewed the August 24 Declaration and its exhibits and concluded that Plaintiff was, in fact, able to make and receive copies and was therefore able to comply with the Deficiency Order. *See* Order, ECF No. 7. The court directed the Office of the Clerk to send Plaintiff a new IFP application, and again ordered Plaintiff to pay the filing fee or submit a fully-completed IFP application. On September 7, 2011, Plaintiff did so. *See* IFP Application, ECF No. 8.

On September 13, 2011, after carefully and liberally considering the entire record, including Plaintiff's letters,

---

[1] Because Plaintiff had not paid or filed an IFP application yet, the Complaint was still unscreened pursuant to 28 U.S.C. § 1915 and service on Defendants was premature.

August 24 Declaration, IFP applications, exhibits, and Complaint, the court screened and dismissed Plaintiff's Complaint and action pursuant to 28 U.S.C. § 1915(g). *See* ECF Nos. 10 ("September 13 Order"), and 11 (judgment). The court determined that Plaintiff had accrued three strikes and did not allege imminent danger of serious physical injury based on the facts and claims alleged in the Complaint, even considering the additional facts alleged in the August 24 Declaration.

Plaintiff then moved to amend the Complaint, asking the court to reconsider his allegations in the August 24 Declaration as supporting a finding of imminent danger or serious physical injury. *See* ECF No. 12. The court determined amendment to the Complaint was futile because it had considered the entire record, including the August 24 Declaration, before dismissing the action, and denied the motion.

### III. DISCUSSION

Plaintiff now seeks reconsideration of the September 13 Order dismissing his action pursuant to § 1915(g) and moves again for IFP status.

**A. Legal Standard**

A successful motion for reconsideration must demonstrate some reason that the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior

decision. *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006). Three grounds justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Id.* (citing *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1178-79 (9th Cir. 1998)). Local Rule 60.1 for the District of Hawaii implements these same standards for reconsideration of interlocutory orders.

**B. Analysis**

Plaintiff's Complaint alleged that Defendants allowed him extra rations for approximately two and a half months during an eight month period in 2010 and 2011, and then rescinded that perquisite, resulting in loss of weight. This court determined that these allegations were insufficient to support an imminent danger of serious physical injury to invoke the exception to § 1915(g)'s three strikes bar. Plaintiff now alleges that, since he was transferred to the SHU in August, unnamed prison officials are retaliating against him for filing his Complaint by serving him "substandard" meals and milk that have caused him to develop gout and boils. Plaintiff argues that this supports a finding of imminent danger of serious physical injury sufficient to grant him IFP and allow his Complaint to be served.

A prisoner subject to the three strikes bar may proceed without prepaying the civil filing fee when "the prisoner is

4

under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Whether a prisoner qualifies for this exception is assessed based on the alleged conditions at the time the complaint was filed and based upon the allegations in the complaint, which are to be construed liberally. *Andrews v. Cervantes*, 493 F.3d 1047, 1052-55 (9th Cir. 2007). The court should not make an "overly detailed inquiry" into whether the allegations of the complaint qualify for the exception. *Id.* at 1055 (citation omitted). Instead, the exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. *Id.*

A prisoner who alleges that prison officials continued with a practice that has injured him or others similarly situated in the past will satisfy the "ongoing danger" standard and meet the imminence prong of the three-strikes exception. *Id.* at 1056-57. While the harm from some ongoing practices may be sufficiently obvious without showing a past injury resulting from it, *id.* at 1057 n.11, assertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful, when they are supported by implausible or untrue allegations that the ongoing practice has produced past harm, or when claims of imminent danger are conclusory or ridiculous. *Id.* (citations omitted).

5

First, Plaintiff's new allegations fail to allege facts demonstrating that he was under imminent danger of serious physical injury based on his allegations of the denial of double meal portions when he filed the Complaint. These new allegations, that substandard food and milk at the SHU caused him to develop boils and gout, do not relate to his original claims that the prison's medical department conspired to deprive him of adequate food when they rescinded his double portions order. The new allegations are not related to the *amount* of food Plaintiff receives, but protest the quality of the food. Moreover, Plaintiff alleges this change in quality was made in retaliation for his filing this suit, not as a part of his original unexplained conspiracy. Nor does Plaintiff identify who is responsible for the "substandard" food. Thus, the new allegations are separate and distinct from those alleged in the original Complaint and not a continuing injury.

Second, even if the court liberally construes Plaintiff's newly alleged facts as part of an ongoing practice, they are implausible. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the Federal Rules do not demand detailed factual allegations, they "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

*Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Plaintiff claims that he is now receiving substandard food, which caused gout and boils, and concludes that somebody at the prison is therefore retaliating against him. Accepting as true that Plaintiff has developed gout and boils, it simply does not follow that these conditions developed because Defendants rescinded his double meal allotments on April 7, 2011, Plaintiff's original allegations. Nothing in the Complaint, request for reconsideration, or the August 24 Declaration convinces this court that Plaintiff plausibly alleges imminent danger of serious physical injury based on his allegations that Defendants rescinded his special meal allotment. Accordingly, Plaintiff's motion for reconsideration and *in forma pauperis* are DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 29, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Tia v. Paderes,* Civ. No. 11-00459 LEK/KSC; Order Denying Motion for Reconsideration/ psas/Recon/dmp/Tia 11-459 LEK