IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PETER R. TIA, #A0259019, | ) | CIV. NO.11-00459 LEK/KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION FOR LEAVE |
| vs. | ) | TO FILE PROPOSED AMENDED |
| | ) | COMPLAINT |
| DR. PADERES, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**<u>ORDER DENYING MOTION FOR LEAVE TO FILE PROPOSED AMENDED COMPLAINT</u>**

On January 19, 2012, the Ninth Circuit Court of Appeals vacated this court's order denying *in forma pauperis* and remanded this action for further consideration.[1] *See* ECF #28. The mandate has not yet issued and this case has therefore not yet been reopened. Nonetheless, Plaintiff has filed a motion for a temporary restraining order and preliminary injunction ("Motion for TRO"), that is scheduled to be heard on February 13, 2012. *See* ECF #31, #35.[2] Plaintiff has also filed a motion for leave to file an amended complaint and a proposed amended complaint. *See* ECF #37, #39. Plaintiff seeks to add new claims alleging that prison officials denied him toilet paper and shaving materials on February 5, 2012. *See* ECF #37. For the following reasons, Plaintiff's Motion is DENIED.

---

[1] The court thereafter granted Plaintiff's *in forma pauperis* application. ECF #29.

[2] Because Plaintiff's Motion for TRO alleges he is being denied adequate food, the court has scheduled a hearing before the mandate issues.

## I. LEGAL STANDARD

Rule 15 provides that a party may amend its pleadings once as a matter of course before being served with a responsive pleading. Fed. R. Civ. P. 15(a)(1). Leave to amend is to be "freely given when justice so requires," *Forman v. Davis*, 371 U.S. 178, 812 (1962), however, in the context of a prisoner's suit in federal court, proposed amendments to the complaint must also be viewed in light of the restrictions imposed by 28 U.S.C. § 1915 as amended by the Prison Litigation Reform Act (PLRA)in 1996. In a "conflict between Federal Rule of Civil Procedure 15 and the PLRA, the rule would have to yield to the later-enacted statute to the extent of the conflict." *Harris v. Garner*, 216 F.3d 970, 982 (11th Cir. 2000). Rule 15 "does not and cannot overrule a substantive requirement or restriction contained in a statute (especially a subsequently enacted one)." *Id.* at 983; *see also Cox v. Mayer*, 332 F.3d 422, 428 (6th Cir. 2003) (citing *Harris* for this proposition with favor).

When considering a prisoner's proposed amended complaint, the court must also consider the restrictions on prisoner suits imposed by the PLRA, including: full payment of the filing fee a prisoner through partial payments as authorized by statute, *see* § 1915(b)(1-2); review and summary disposition of any claim or action that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks relief against

persons immune from such relief, see § 1915(e)(2)(B)(ii-iii); administrative exhaustion of all claims, *see* 42 U .S.C. § 1997e(a); and a "three strike" provision which prevents a prisoner from proceeding *in forma pauperis* if the prisoner's litigation in federal court includes three or more cases dismissed as frivolous, malicious, or as stating no claim for relief.

## II. **DISCUSSION**

Despite the liberality that normally controls amendments to a complaint, there are several reasons counseling against allowing Plaintiff to file the proposed amended complaint at this time and based on the facts he submits.

First, this case has not been officially reopened, as the mandate from the Ninth Circuit has not yet been entered. Therefore, Plaintiff's Motion is premature. Once the case is reinstated, Plaintiff may move to amend his complaint as contemplated by the Federal Rules of Civil Procedure.

Second, although a party generally may amend his complaint once, as a matter of course, before being served with a responsive pleading, "the Court is not required to allow amendments that assert . . . claims that could not withstand a motion to dismiss." *See Griffith v. Whitesell*, 2008 WL 3852415 at *5 (M.D. Tenn. 2008). Plaintiff seeks to add new claims that allegedly occurred on February 5, 2012, the date he signed the

3

Motion.  If these new allegations occurred on the date that Plaintiff signed the Motion and proposed amended complaint, Plaintiff could not have grieved them *before* he commenced this action, as required by the PLRA.  In fact, Plaintiff could not have grieved these new claims before he filed this Motion or the proposed amended complaint.  *See McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (holding that exhaustion must occur prior to filing suit).  These new claims would thus be subject to a motion to dismiss, and allowing their amendment to this suit would be futile.  *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (recognizing that "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend.").

Third, as noted, the court has discretion to deny a motion to amend the complaint when amendment is futile.  *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) ("A district court does not err in denying leave to amend where the amendment would be futile.") (citations omitted).  The temporary deprivation of toilet paper and shaving materials on a single day do not exhibit cruel and unusual punishment under the Eighth Amendment.  *See Harris v. Flemming*, 839 F.2d 1232, 1235–36 (7th Cir. 1988) (no constitutional violation where prison officials failed to provide inmate with toilet paper for five days, and soap, toothbrush and toothpaste for ten days); *cf. Hutto v.*

4

*Finney*, 437 U.S. 678, 686–87(1978) ("A filthy, overcrowded cell and a diet of 'grue[l]' might be tolerable for a few days and intolerably cruel for weeks or months."); *and*, *Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996) (four-day exposure to raw sewage from overflowing toilet in cell not cognizable because it was a "*de minimis* imposition and thus [did] not implicate constitutional concerns"); *and*, *Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995) (Eighth Amendment violation cognizable where serious health hazards lasted nine months, including inoperable toilets, insect infestations in stagnant pools of water and a lack of cold water when temperatures were above 100 degrees). If allowed, Plaintiff's new claims would be summarily dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2).

Fourth, Plaintiff's new claims, that a prison guard denied Plaintiff toilet paper and shaving materials on February 5, 2012, are not related to the claims alleged in the original Complaint: that the prison's medical unit rescinded Plaintiff's enhanced calorie diet on April 7, 2011. Under Rule 18, a plaintiff may bring multiple claims, related or not, in a lawsuit against a single defendant. *See* Fed. R. Civ. P. 18(a). To name different defendants in the same lawsuit, however, a plaintiff must satisfy Rule 20, which governs joinder of parties. Permissive joinder of multiple defendants in a single lawsuit is

5

allowed on if: (1) a right to relief is asserted against each defendant that relates to or arises out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties arises in the action. *See* Fed. R. Civ. P. 20(a)(2).

Unrelated claims involving different defendants belong in different suits. *See Aul v. Allstate Life Ins. Co.*, 993 F.2d 881, 884 (9th Cir. 1993) ("A claim based on different rights and established by different transactional facts will be a different cause of action."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (same); *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues."). When there is a misjoinder of parties, the court may on its own initiative at any stage of the litigation drop any party. *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

Although Plaintiff claims that the unidentified prison guard's actions on February 5, 2012, were part of a conspiracy with all Defendants to deprive him of his constitutional rights, the court need not accept these conclusory allegations as fact.

6

See *Ashcroft v. Iqbal*, 556 U.S. 662, ----, 129 S. Ct. 1937, 1950, (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Plaintiff does not proffer "enough facts to . . . nudge[ ][his] claims across the line from conceivable to plausible." *Id.* at 570. Allowing Plaintiff to join these new and unrelated claims against new and unrelated defendants on the barest allegation of a conspiracy would be futile, as the court would thereafter dismiss them from this action.

Finally, the proposed amended complaint is not on the court's prisoner civil rights complaint form, *see* Local Rule LR99.7.10(a), and is not complete in itself without reference to Plaintiff's original Complaint, *see* LR10.3. Plaintiff fails to rename each Defendant and does clearly explain any Defendants' relation to his claims, new or original. Defendants not named and claims not realleged in an amended complaint are deemed waived. See *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Furthermore, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th

Cir. 1967). In an amended complaint, each claim and the involvement of each Defendant must be sufficiently alleged. Plaintiff's proposed amended complaint does not comply with the court's procedural rules, is not complete in itself, and is subject to dismissal on this basis also.

### III. CONCLUSION

1. Plaintiff's Motion for Leave to File An Amended Complaint is DENIED without prejudice.

2. After the mandate has issued and the court has screened the original complaint pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff may be allowed to file an amended complaint to cure any deficiencies that the court identifies. Plaintiff should wait until then so that the court can provide him further guidance on amending his pleading. If Plaintiff decides to amend his pleading at that time, he will be required to do so on the court's approved prisoner civil rights complaint form.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, February 13, 2012.



       /S/ Leslie E. Kobayashi
       Leslie E. Kobayashi
       United States District Judge

*Tia v. Paderes, et al.*, Civ. No. 1:11-00459 LEK-KSC; Order Denying Motion to File an Amended Complaint; psas/Non disp Ords dmp 2012/Tia 11-459 LEK (dny m amend)