IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER R. TIA, #A1013142, ) | CIVIL NO. 11-00459 LEK/KSC |
| ) | |
| Plaintiff, ) | ORDER DENYING MOTIONS FOR |
| ) | TEMPORARY RESTRAINING ORDER |
| vs. ) | AND TO EXPEDITE MATTERS |
| ) | |
| DR. PADERES, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER
AND TO EXPEDITE MATTERS**

Before the court is *pro se* Plaintiff Peter R. Tia's second motion for temporary restraining order ("TRO") and motion to declare a "state of emergency" and expedite matters in this case. ECF #56, #57. Plaintiff's Motions are DENIED.

**I. DISCUSSION**

A temporary restraining order or "preliminary injunction is an extraordinary and drastic remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). A "plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20; *accord Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009).

Plaintiff seeks a TRO requiring the court to hold a hearing at which he can support his allegations that defendants conspired against him under the Racketeer Influenced and Corrupt Organizations Act ("RICO") by tampering with his mail to the court. Plaintiff also seeks to argue the merits of his case and to show that he is in imminent danger of serious physical injury. Plaintiff sought such a hearing in an earlier motion seeking to supplement his Complaint with information showing that he has lost additional weight since he commenced this action. *See* ECF #50, #51. The court granted Plaintiff's request to supplement the Complaint and denied Plaintiff's motion to hold a hearing. *See* ECF #53. Plaintiff, however, is not entitled to demand a hearing to argue his case before Defendants have been served, a scheduling order has been issued, and discovery has commenced.

Moreover, the court has already held a hearing on Plaintiff's claims that he is being denied adequate food. *See* ECF #40. At the hearing, Plaintiff stated that he has continued to lose weight and it was accepted that Plaintiff's weight has fluctuated, up and down, since the date he filed his Complaint. After consideration of the parties briefs and arguments, however, the court found that Plaintiff is being afforded adequate food and nutrition, has not shown that he will likely succeed on the merits of this action, he will suffer irreparable harm, the balance of equities tips in his favor, or that issuing an

2

injunctive order is in the public interest. *See* ECF #46. The court has taken note that Plaintiff claims he has lost more weight and has ordered the Complaint supplemented with this information. Plaintiff's supplemental information does not, however, alter the court's determination that a TRO is not required in this case at this time.

To the extent Plaintiff seeks a TRO based on his allegations of a conspiracy to tamper with his mail, Plaintiff's motion is DENIED. Plaintiff has not suffered a denial of access to the courts by Defendants' alleged conspiracy to tamper with his mail. *See Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002) (holding that, to state a denial of access to the courts claim, a plaintiff must allege facts demonstrating that he suffered an actual injury by being shut out of court). This case was remanded on January 19, 2012. ECF #28. The mandate has not issued and the case has not, therefore, been reopened. Nonetheless, since January 19, 2012, Plaintiff has filed seventeen documents, including letters, motions, exhibits, declarations, and memoranda. *See* ECF 330-#33, #37, #39, #44, #45, #50, #51, #54-#59. The court has carefully reviewed each document that Plaintiff has filed and has adjudicated his motions when required. If Defendants have conspired to tamper with Plaintiff's mail to the court, as Plaintiff alleges, they have

done a poor job.  Plaintiff's Motion for Temporary Restraining Order is DENIED.

To the extent that Plaintiff moves for an order declaring "a State of Emergency and Expedite Matters," his request is DENIED.  Plaintiff provides nothing convincing the court that this case should be exempt from the Federal Rules of Civil Procedure governing the orderly disposition of civil litigation.  Plaintiff is advised that he must become familiar with, and follow, the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Hawaii ("Local Rules").  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (*pro se* litigants "must follow the same rules of procedure that govern other litigants"); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) (*pro se* litigants "should not be treated more favorably than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although *pro se*, [plaintiff] is expected to abide by the rules of the court in which he litigates.").

*//*
*//*
*//*
*//*
*//*
*//*

## II. CONCLUSION

Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction is DENIED.  Plaintiff's Motion to Order a State of Emergency and to Expedite Matters is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 29, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Tia v. Paderes*, Civ. No. 11-00459 LEK/KSC; ORDER DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND TO EXPEDITE MATTERS; psas/TROs/Tia 11-459 lek tro #2 (2012)