```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

PETER R. TIA, #A1013142,        )  CIVIL NO. 11-00459 LEK/KSC
                                )
               Plaintiff,       )  ORDER DENYING MOTION FOR
                                )  "INJUNCTIONAL RELIEF"
          vs.                   )
                                )
DR. PADERES, et al.,            )
                                )
               Defendants.      )
_____ )
```

## ORDER DENYING MOTION FOR "INJUNCTIONAL RELIEF"

Before the court is Plaintiff's motion for "injunctional relief." ECF #79. Plaintiff seeks a protective order preventing prison officials from tampering with his documents and correspondence with the court. *See id.* at 1. Plaintiff's Motion is DENIED.

## I. LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA") limits the prospective relief courts can order in cases regarding prison conditions.

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

18 U.S.C. § 3626(a)(1)(A).

A temporary restraining order or "preliminary injunction is an extraordinary and drastic remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). A "plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20; *accord Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009).

## II. DISCUSSION

Plaintiff seeks an injunction preventing prison officials from allegedly tampering with his documents. Plaintiff alleges that prison officials have tampered with documents in his cell, allegedly preventing Plaintiff from filing those documents, and thus, allegedly interfering with his constitutional right of access to the court. Plaintiff raised similar claims in an earlier motion for injunctive relief that the court considered and denied. *See* ECF #56-60.

Plaintiff complains that documents that he executed on or about February 28, 2012, were not received or filed by the court. Plaintiff is mistaken; these documents were received and filed on March 2, 2012. *See* ECF #62 (Supplement); ECF #62-1

(Preliminary Notice of Claims, Pl. Decl.); 62-3 (Supplemental Documentation).

Plaintiff complains that he mailed a new action against other prison officials (Mary Tumminello and Dr. Steven DeWitt) to this court on March 15, 2012, but suggests that it has never been received or filed at this court due to "theft and pilfering" by an adult correctional officer.[1] *See* ECF #79 at 3-4. Plaintiff is mistaken; his new complaint, *Tia v. Borges*, was received and filed on March 20, 2012. *See* 1;12-cv-00158 HG, ECF #1 (Compl.).

Plaintiff also alleges that documents he filed after the mandate issued in this case on March 20, 2012, *see* ECF #69, including a motion to recuse the district and magistrate judges assigned to this action, were stolen, moved, or pilfered from his cell. *See generally*, ECF #79-81. Again, Plaintiff is mistaken. Since the mandate issued, the court has received and filed nine documents from Plaintiff. *See* ECF #71-81. These include a letter, five motions, memoranda, and declarations in support of Plaintiff's motions. The court has responded to Plaintiff's letter, ECF #70, denied several motions, *see* ECF #74, #83, and set a status conference with the parties to facilitate communication between them and the court regarding Plaintiff's

---

[1] Plaintiff also filed a petition for writ of mandamus with the Ninth Circuit Court of Appeals on March 15, 2011. *See* App. No. 12-70834, ECF #1. The appellate court denied this petition on April 9, 2012. *Id.* ECF #3.

claims and remaining documents, ECF #75.  It is apparent that Plaintiff's documents, at least those that he specifically mentions in this motion, have not been impeded from filing by prison officials.

In light of this, Plaintiff lacks standing to bring a claim for violation of his right of access to the courts.  The facts he alleges do not support a finding that he has suffered an actual injury to his right of access to the court.  *See Lewis v. Casey*, 518 U.S. 343, 349 (1996).  Plaintiff cannot state a claim for violation of his right of access to the courts by merely alleging that prison officials have tampered with his documents.  He "must go one step further and [assert] that the [prison officials] . . . hindered his efforts to pursue a legal claim." *See id.*  Plaintiff has not done so.  His documents have been filed, the court has or is acting on them, and this action is ongoing.  Plaintiff has identified no harm to this action, or to his ability to file a new action, based on his allegations.

Plaintiff's Motion for Injunctional Relief is DENIED.  Plaintiff's Motion to Order a State of Emergency and to Expedite Matters is DENIED.

IT IS SO ORDERED.

//

DATED AT HONOLULU, HAWAII, April 10, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

Tia v. Paderes, Civ. No. 11-00459 LEK/KSC; ORDER DENYING MOTION FOR INJUNCTIONAL RELIEF; psas/TROs/2012/Tia 11-459 lek tro #2 (2012)