IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PETER R. TIA, #A1013142, | ) | NO. 1:11-cv-00459 LEK/KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING MOTION TO |
| vs. | ) | DISMISS FOR FAILURE TO EXHAUST |
| | ) | |
| DR. PADERES, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO EXHAUST**

Plaintiff Peter R. Tia is a prisoner confined at the Halawa Correctional Facility ("HCF"). Before the court is Defendants' Dr. Paderes, Dr. Rosen, Mary Tumminello, Linda Rivera, and HCF's "Motion to Dismiss Complaint Filed on July 25, 2011, for Failure to Exhaust Administrative Remedies." ECF #146. Plaintiff filed an Opposition to the Motion on October 31, 2012.[1] ECF #149. Defendants have filed a Reply. ECF #153.

The court elects to decide this matter without a hearing pursuant to the Local Rules for the District of Hawaii, LR7.2(d) and Rule 78(b) of the Federal Rules of Civil Procedure. Because Plaintiff failed to fully and properly exhaust his administrative remedies before commencing this action,

---

[1] On November 13, 2012, the court sent Plaintiff a second Notice explaining what he must do to successfully oppose a motion to dismiss for failure to exhaust, and extended the time for submission of his Opposition. *See* Notice, ECF #151; *see also* *Woods v. Carey*, 684 F.3d 934,936 (9th Cir. 2012). Plaintiff did not file a second memorandum in opposition, however.

Defendants' Motion is GRANTED pursuant to 42 U.S.C. § 1997e(a).

## I. BACKGROUND

Plaintiff claims that Dr. Paderes prescribed him an enhanced-calorie special diet on September 1, 2010, that allowed him double portions for dinner and snacks. Tumminello, a prison nurse, allegedly countermanded this diet two weeks later, when she concluded that Plaintiff was overweight. Plaintiff states that, on February 15, 2011, the enhanced-calorie diet was reinstated, but the Department of Public Safety's ("DPS") Medical Director, Dr. Rosen, rescinded it again on April 7, 2011. Plaintiff complains that he has lost one hundred pounds since his incarceration at HCF in July 2008, and alleges that prison officials denied him an enhanced-calorie diet in furtherance of a racially motivated conspiracy against him. Compl., ECF #1 PageID #4. Plaintiff claims that the prison's policy denying enhanced-calorie diets discriminates against indigent inmates like him who cannot afford to purchase extra food to supplement the prison's diet.

## II. 42 U.S.C § 1997(e)

"The [PLRA] requires that a prisoner exhaust available administrative remedies before bringing a federal action concerning prison conditions." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing 42 U.S.C. § 1997e(a)); *Brown v. Valoff*, 422 F.3d 926, 934 (9th Cir. 2005) (quoting *Porter v.*

*Nussle*, 534 U.S. 516, 525 n.4 (2002)).  "'[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'"  *Bennett v. King*, 293 F.3d 1096, 1098 (9th Cir. 2002) (quoting *Porter*, 534 U.S. at 532).  Exhaustion is mandatory, and "unexhausted claims cannot be brought in court."  *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (*per curiam*).  Even if the prisoner seeks monetary or other relief that is unavailable through the grievance system in question, the prisoner must still first exhaust all available administrative remedies.  *See Booth v. Churner*, 532 U.S. 731, 741 (2001) ("[W]e think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures.").

Section 1997e(a) does not impose a pleading requirement, but rather, provides an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion.  *Jones*, 549 U.S. at 216; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust prison administrative remedies is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) *(per*

*curiam*)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119-20.

### III. DISCUSSION

Defendants argue that Plaintiff failed to properly exhaust his prison administrative remedies in compliance with the Hawaii Department of Public Safety's ("DPS") Policy and Procedure Manual ("PPM") which governs inmate grievances and "define[s] the boundaries of proper exhaustion." *See Jones*, 549 U.S. at 218. Defendants state that Plaintiff failed to timely or fully grieve his claims in compliance with PPM procedures before he filed suit on July 25, 2011. Defs.' Mem. in Support, ECF #146-1.

Plaintiff filed two documents with grievances attached as exhibits since Defendants filed this Motion. *See* ECF #148, #149. Although these documents provide no explicit or coherent argument against the points raised in the Motion, it is clear that Plaintiff argues that he exhausted his claims, and the court has considered both of these documents and their exhibits in deciding Defendants' Motion.

**A. Failure to Exhaust**

The PLRA requires "proper" exhaustion of administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90. This is "because

4

no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.  Requiring prisoners to properly exhaust their claims furthers the PLRA's goal of efficiency by "'reduc[ing] the quantity and improv[ing] the quality of prisoner suits.'"  *Id.* at 94 (*quoting Porter*, 534 U.S. at 524).  Requiring proper exhaustion advances this goal by: (1) "giv[ing] prisoners an effective incentive to make full use of the prison grievance process;" (2) reducing prisoner suits, as some prisoners are "persuaded by the proceedings not to file an action in federal court;" and (3) improving the quality of any remaining prisoner suits "because proper exhaustion often results in the creation of an administrative record that is helpful to the court."  *Ngo*, 548 U.S. at 94-95.

### 1. *Hawaii's Administrative Exhaustion Procedure*

Plaintiff has been confined at HCF since 2008.  Because the DPS's PPM has been revised twice since then, Plaintiff's grievances were reviewed under three different versions of the PPM.  *See* Defs.' Exs. A-C, ECF #146-3 -#146-5 (PPM No. 493.12.03 (eff. Apr. 3, 1992); PPM COR.12.03 (eff. Aug. 3, 2010); PPM COR.12.03 (eff. Jun. 8, 2011)).  All three versions of the PPM require an informal attempt at resolving a grievance first, and then establish a three-step process for exhausting an administrative appeal -- the inmate must submit a grievance at

each step and wait for a response or for the time to receive a response to expire before moving to the next step. *See id.*

Thereafter, the procedures in each version of the PPM are substantially similar, although the two newer versions allow the inmate a chance to correct his or her grievance's procedural problems before outright rejection of the underlying issue. *See* Defs.' Exs. B-C, ECF #146-4 & 146-5. All three versions of the PPM require the inmate to: (1) submit a grievance within fourteen days of the date on which the complained-of action occurred; (2) submit only one issue per grievance; and (3) acknowledge receipt of a written response before proceeding to the next step. Failure to comply terminates the grievance process for that particular issue. *See id.*, Exs. A-C, ECF #146-3, #146-4, #146-5.

Under the two newer PPM revisions, if an inmate fails to follow proper procedures, the prison's grievance officials may reject and return the grievance or appeal to the inmate without a response. *See id.*, ECF #146-4 (PPM COR.12.03 §9.1); ECF #146-5 (PPM COR.12.03 § 9.1). If a grievance is rejected, the grievance official must provide the inmate with written notice of the procedural rejection and an opportunity to correct and resubmit the grievance or appeal. *Id.* If the official fails to do so, the inmate may appeal that failure. If, however, the grievance or appeal is ultimately rejected for the inmate's failure to comply with the DPS's PPM, after the opportunity to correct the

6

issue has been given, the inmate may not appeal that rejection. Id.

### *2. Analysis*

An inmate must *complete* the grievance process before filing suit, and exhaustion during the pendency of the litigation cannot save an action from dismissal. *See McKinney*, 311 F.3d at 1200; *Griffin*, 557 F.3d at 1119. Plaintiff filed his Complaint on **July 25, 2011.** The court has carefully reviewed each of Plaintiff's grievances submitted by the parties. Plaintiff attached six grievances to his October 18, 2012 document, ostensibly showing that he grieved the claims he raises herein. *See* Pl.'s "Notice of Appearances," ECF #148. These grievances are all dated *after* Plaintiff initiated this action, thus, they are untimely and do not prove that he exhausted his claims before commencing suit.

Plaintiff submitted another thirty-three grievances in his October 31, 2012 Opposition to Defendants' Motion. *See* ECF #149. Only seven of these grievances are dated before Plaintiff commenced this action and none relate to Plaintiff's claims that Defendants denied him adequate food and nutrition with deliberate indifference to his health and safety. *See* ECF #149.[2] These

---

[2] *See* Grievance: #170753 (dated 06/01/2011, grieving adoption of new PPM Cor.12.03); #165713 (dated 02/24/2011, grieving denial of copies and mishandled mail); #157590 (dated 03/31/2011, grieving conspiracy between prison guards,
(continued...)

grievances do not support a finding that Plaintiff exhausted his prison administrative remedies for the claims raised herein.

Defendants submitted an additional four grievances. *See* Asato Decl., ECF 146-2. Only three of these grievances are timely *and* relate to Plaintiff's claims that Defendants denied him adequate nutrition: Grievance #163528, #157557, and #157470.[3] The court considers only these three grievances to determine whether Plaintiff fully and properly exhausted his claims before filing his Complaint.

> **1. Grievance #163528, Step-1, dated December 8, 2009**: Plaintiff complains that he is receiving smaller portions of food, is deprived of snacks, and is being deprived of proper nutrition because of State budget cuts. He requests double portions to enable him to gain weight. Tumminello denied this grievance because Plaintiff was considered medically overweight, and stated there was no medical need for more food. Tumminello noted that Plaintiff could purchase snacks at the prison store. **Plaintiff refused to sign for receipt of Tumminello's decision**; on January 11, 2010, this grievance was closed for non-compliance with prison

---

(...continued)
"Portuguese Syndicate," Plaintiff's family, the Mormon Church, and others); #170747 (dated 05/28/2011, grieving denial of soap, shampoo, and deodorant); #170754 (dated 06/05/2011, grieving prison's use of inmates' SSN on grievances); #157593 (dated 04/05/2011, grieving staff refusal to provide him with more than one grievance form at a time); #165720 (dated 03/07/2011, grieving denial of copies and mishandled legal mail).

[3] Defendants discuss four more of Plaintiff's Grievances: #158558 (dated 08/13/2011); #17907 (dated 12/01/2011); #171921 (dated 02/17/2012); and #171952 (dated 02/13/2012). These grievances are dated after Plaintiff initiated this suit. Plaintiff concedes to this in Grievance #171921, when he explains the grievance is an "emergency" because this "lawsuit [is] in progress." *See* ECF #149-6 PageID #911. Because they are untimely, the court does not consider them properly filed.

grievance policy.  **Plaintiff did not** appeal.

**2. Grievance #157557, Step-1, dated January 26, 2011**: Plaintiff complains that he is losing weight and is not receiving the double portions of food and snacks approved by Dr. Paderes.  Plaintiff requests an investigation and reinstatement of Dr. Paderes's double portions memo.  Tumminello denied this grievance, stating that Plaintiff was at his ideal weight, there is no medical reason for his weight loss, and that he should therefore direct his grievance to Food Services and the Warden.  Tumminello informed Plaintiff that he had five days to appeal her decision.  **Plaintiff timely acknowledged receipt of Tumminello's response, but failed to return the form as required.  This grievance was terminated for Plaintiff's refusal to return the form.  Plaintiff did not appeal.**

**3. Grievance #157470, Step-1, dated April 13, 2011**: Plaintiff complains that he is being denied the double dinner portions approved by Dr. Paderes at Dr. Rosen's orders.  Rivera returned the grievance because Plaintiff failed to properly complete the form and failed to submit all four carbon copies (that are part of the grievance).  Rivera notified Plaintiff that he could correct and resubmit the grievance within five days.  Plaintiff signed an "Acknowledgment of Notification of Return/Denial ("NORD"), **but failed to resubmit the grievance, terminating the grievance process on this claim.  Plaintiff did not appeal.**

Prisoners must exhaust their administrative remedies before filing suit to give prison officials a chance to remedy justified inmate grievances without the necessity of court action.  This purpose cannot be fulfilled if a prisoner files suit *before* he fully exhausts his claims and allows prison officials to remedy the problem.  As noted, most of Plaintiff's grievances were either filed after he commenced this action or they do not relate to the claims raised in this action.  His remaining timely and relevant grievances were never properly

9

completed or appealed through the DPS PPM grievance procedures. The record before the court shows that Plaintiff was clearly notified how to proceed and what he needed to do to resubmit his grievances. *See* Liu Decl. Exs. D-G, ECF #146-6-#146-10.  He failed to do so.  Compliance with an agency's deadlines and other critical procedural rules is required. *Ngo*, 548 U.S. at 90.

Section 1997(e) (a) "eliminated both the discretion to dispense with administrative exhaustion and the condition that the remedy be 'plain, speedy, and effective' before exhaustion could be required." *Booth*, 532 U.S. at 739.  The Supreme Court stressed that it "will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Id*. at 741 n.6.  It also expressed concern about bypassing administrative remedies. *Ngo*, 548 U.S. at 96. Plaintiff failed to properly complete the grievance process regarding his claims before he commenced this action and it must be dismissed without prejudice.

### III.   CONCLUSION

1.  Defendant's Motion to Dismiss the Complaint for Plaintiff's failure to exhaust prison administrative remedies is GRANTED.

2.  Plaintiff's Complaint and action are DISMISSED without prejudice.

3. The Clerk of Court is directed to enter judgment and

close this case.

  4. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that an appeal of this decision would not be taken in good faith.

  IT IS SO ORDERED.

  DATED AT HONOLULU, HAWAII, December 13, 2012.



    /S/ Leslie E. Kobayashi
    Leslie E. Kobayashi
    United States District Judge

*Tia v. Paderes*, 1:11-cv-00459 LEK/KSC, ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO EXHAUST; G:\docs\prose attys\Exh Ords\2012\Tia 11-459 lek (grt).wpd